| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |

---

In re

HYDROGEN L.L.C.,

Debtor.

Chapter 11

Case No. 08-14139 (AJG)

---

**OPINION AND ORDER APPROVING SETTLEMENT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 AND APPROVING ASSIGNMENT *NUNC PRO TUNC* OF ESTATE CAUSES OF ACTION FROM DEBTOR TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Before the Court is the joint motion of April 9, 2009, of HydroGen L.L.C. (the "Debtor") and the Official Committee of Unsecured Creditors (the "Committee") for approval of settlement (the "Settlement") pursuant to Federal Rule of Bankruptcy Procedure 9019 (the "Motion").

The Court finds that the Settlement is fair and equitable and in the best interests of the estate under the framework of factors set forth by the Supreme Court in *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 88 S.Ct. 1157 (1968) and subsequently used by the Second Circuit Court of Appeals. *See In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007). Specifically, the Settlement rises above the "lowest point in the range of reasonableness," as is the requisite standard in the Second Circuit. *See In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983) (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972), *cert. denied sub nom. Benson v. Newman*, 409 U.S. 1039, 93 S.Ct. 521 (1972)).

As part of the Settlement, Debtor and the Committee also request that the Court approve the Debtor's assignment of any and all estate claims and causes of action, as defined in the Settlement and subject to certain limitations set forth therein (the "Assignment"), to the Committee. An objection was filed by Leo Blomen ("Blomen") to the Assignment on May 4,

2009, and that objection was also a limited objection to that aspect of the Settlement. Blomen did not object to or otherwise take a position on the other aspects of the Settlement.

In the Second Circuit, "[a] creditors' committee may acquire standing to pursue the debtor's claims if (1) the committee has the consent of the debtor in possession or trustee, and (2) the court finds that suit by the committee is (a) in the best interest of the bankruptcy estate, and (b) is 'necessary and beneficial' to the fair and efficient resolution of the bankruptcy proceedings." *In re Commodore International Ltd.*, 262 F.3d 96, 100 (2d Cir. 2001).

As a threshold matter, courts in the Second Circuit require the claims to be "colorable." *See In re Adelphia Communications Corp.*, 330 B.R. 364, 376 (Bankr. S.D.N.Y. 2005) (footnote omitted) (citing *In re STN Enterprises*, 779 F.2d 901, 905 (2d Cir. 1985)). "Caselaw construing requirements for 'colorable' claims has made it clear that the required showing is a relatively easy one to make. In *STN*, the Second Circuit eschewed extensive merits review, requiring instead 'a colorable claim . . . for relief that *on appropriate proof* would support a recovery.'" *Adelphia*, 330 B.R. at 376 (footnote omitted) (quoting *STN*, 779 F.2d at 905 (emphasis added in *Adelphia*)). Courts in this district have noted that authorization for assignment "should be denied only if the claims are 'facially defective'" and that "in determining whether there is a colorable claim, the court must engage in an inquiry that is 'much the same as that undertaken when a defendant moves to dismiss a case for failure to state a claim.'" *See Adelphia*, 330 B.R. at 376 (footnotes omitted) (quoting *In re America's Hobby Center*, 223 B.R. 275, 288 (Bankr. S.D.N.Y. 1998); *In re KDI Holdings, Inc.*, 277 B.R. 493, 508 (Bankr. S.D.N.Y. 1999) (quoting *America's Hobby Center*, 223 B.R. at 282)). Having reviewed the causes of action set forth in the Committee's complaint, the Court finds that the causes of action meet the applicable standard

for colorable claims.

The Court also finds that the Committee has standing to pursue Debtor's claims under *Commodore*. First, the Committee has the consent of Debtor. Second, the Court finds that the suit is in the best interest of the estate because its successful prosecution is consistent with maximization of the value of the estate. *See Adelphia*, 330 B.R. at 383 (footnote omitted). Third, the Court finds that the suit is necessary and beneficial to the fair and efficient resolution of the bankruptcy proceedings. The suit by the Committee is necessary because Debtor is conflicted from bringing the suit itself, *see In re Valley Media, Inc.*, 2003 WL 21956410, *3 (Bankr. D. Del. 2003) and is beneficial because if the Committee did not have standing to sue, potentially valuable estate causes of action would be wasted.

Lastly, courts have approved substitution of parties *nunc pro tunc* under similar circumstances. *See KDI*, 277 B.R. at 504; *see also In re Levine*, 2007 WL 2048670, *3 (Bankr. S.D.N.Y. 2007) (citing, *inter alia*, *STN*, 779 F.2d 901; *Commodore*, 262 F.3d 96); *see also Valley Media*, 2003 WL 21956410, *3 (concluding that "*nunc pro tunc* relief is in the best interests of preserving the assets of the estate" while noting that dismissing the complaint of the committee would "surely be followed by a new adversary complaint against [the] [d]efendants with the only real difference being the possibility of different counsel for the plaintiff"). Such is the case here, especially considering that there were potential constraints on the suit pertaining to a director and officer insurance policy. Accordingly, the Assignment is approved *nunc pro tunc* to April 1, 2009, and the Committee's standing is granted *nunc pro tunc* as of that date.

Accordingly, for the foregoing reasons, it is hereby

ORDERED, the Assignment is approved *nunc pro tunc* to April 1, 2009; and it is hereby

3

further

    ORDERED, the Committee's standing is granted *nunc pro tunc* to April 1, 2009; and it is hereby further

    ORDERED, the Motion is granted.


Dated: New York, New York
       May 7, 2009

                                    **s/Arthur J. Gonzalez**
                                    ARTHUR J. GONZALEZ
                                    UNITED STATES BANKRUPTCY JUDGE